## CIRCUIT COURT OF THE CITY OF RICHMOND

Virginia Heart Institute

     v.

James B. Kenley et al.

January 10, 1984

Case No. N-43-2

By JUDGE MARVIN F. COLE

At the outset in this case we are met with the defense on behalf of the respondent to the effect that the petitioner does not have "standing" to bring this suit, relying upon Section 32.1-102.7 to support this proposition.

The bill filed herein by the petitioner alleges that the suit is brought pursuant to Section 8.01-620 and alternatively, Section 9-6.14:16, *et seq.*, of the Code. Therefore, we must look to these two sections to determine whether the petitioner has "standing" to bring this suit.

In 1975 the General Assembly passed the Administrative Process Act. The Act itself sets forth that its purpose is to supplement present and future basic laws, conferring authority on agencies to either make regulations or decide cases as well as to standardize court review thereof except as laws hereafter enacted may otherwise expressly provide. The Act further specifies that it does not supersede or repeal additional procedural requirements in such basic laws. *Basic law* is defined as provisions of the Constitution and statutes of the Commonwealth authorizing an agency to make regulations or decide cases or containing procedural requirements therefor. We must then look to the basic law to see if the basic law provides for judicial review and the extent thereof. If so, the

Administrative Process Act cannot repeal the basic law, but may supplement it.

The basic law is contained in Chapter 4 of Title 32.1 and specific provisions in regard to administrative procedures and appeals are contained in Sections 32.1-102.6 and 32.1-102.7. Exhibit B attached to the bill is a letter from counsel for the petitioner to the respondent noting an appeal from his determination awarding a Certificate of Need to St. Mary's Hospital and in accordance with Section 32.1-102.6(F)(1) of the Code and Section 10.01.01 of the Rules and Regulations of the Board requesting an informal, fact-finding conference to consider the merits of the St. Mary's Hospital application. The respondent scheduled such a fact-finding conference and the petitioner appeared and took part in the proceeding. The question now arises as to whether the petitioner has "standing" to appeal the decision rendered as a result of the fact-finding conference.

An analysis of appellate process for an administrative case requires scrutiny of:

1. The *Basic Law* under which the agency acted or failed to act regarding a regulation or case decision.

2. The Administrative Process Act.

3. The Rules of the Supreme Court of Virginia.

Section 32.1-102.6 provides the following procedure to obtain a certificate for a project under the Medical Care Facilities Certificate of Public Need Act:

A. The applicant shall file a completed application with the Health Department and the appropriate health systems agency.

B. The appropriate health systems agency shall begin to review each completed application and shall hold a public hearing on each application after notice as provided in the Act; and shall submit its recommendations on each application and its reasons therefor to the Department and to the Statewide Health Coordinating Council.

C. After commencement of a public hearing and before a decision is made there shall be no ex parte contacts as provided in the Act.

D. A copy of each application may be referred by the Commission to the Statewide Health Coordinating Council for its recommendations. Upon referral, the

Council shall submit its recommendations and reasons therefor to the Department.

Section 32.1-102.6(F)(1) provides that *informal proceedings* provided for in Section 9-6.14:11 of the A.P.A. shall be held in the case of an application for a certificate upon request of the following persons:

1. Applicant.
2. Any person showing good cause.
3. Any third party payor providing health care insurance or prepaid coverage.
4. The health systems agency if the initial determination was contrary to its recommendations.

This section also provides that *formal proceedings* provided for in Section 9-6.14:12 of the A.P.A. shall be held upon request within 15 days after the informal decision of the following persons:

1. Applicant.
2. Third party payor.
3. Health systems agency.

It is significant that "any person showing good cause" is left out of the listing of those that can request a *formal proceeding*. The section also defines the term "good cause." Regardless of the definition and regardless of whether the petitioner comes within the definition, any person showing good cause does not have standing to request a formal proceeding.

Section 32.1-102.7 is entitled *Appeals* and provides for appeal to the circuit court of the county or city by the following persons as provided in A.P.A. Section 9-6.14:17, which provides for the issues on review:

1. Any applicant aggrieved.
2. Any third party payor.
3. A health systems agency.

Section 9-6.14:16 of the A.P.A. provides that any person affected by and claiming the unlawfulness of any regulation, or party aggrieved by and claiming unlawfulness of a case decision shall have a right to direct review thereof as follows:

(i) by proceeding pursuant to express provisions in the basic law under which the agency acted.

(ii) in the absence, inapplicability, or inadequacy of such special statutory form of

court review proceeding, by an appropriate and timely court action against the agency in the manner provided by the Rules of the Supreme Court of Virginia.

But, the *basic law* of this case concerning appeals (Section 32.1-102.7) contains a very limiting provision. It states the following:

> Notwithstanding the provisions of Section 9-6.14:16 of the Administrative Process Act, no other person may obtain such review.

The General Assembly in this sentence clearly shows that it intends to limit those who have standing to seek judicial review from a decision of the Health Department. Judicial review is limited to the applicant, third party payor, and to health systems agencies. Any other person, no matter how much aggrieved or damaged has no standing to seek a judicial review under this basic law of the case. The respondent is precluded a review by this provision.

We have here a statute that provides for judicial review, but provides review only for limited groups of persons. It does not provide for judicial review by other groups of persons.

The following statement is found in Am. Jur. 2d, *Adm. Law*, Section 557:

> It is an established principle of law that the right to appeal is not a natural or inherent one, nor an essential element of due process of law. The right to appeal, in the absence of governing constitutional provision, may be granted or withheld at the discretion of the legislature, does not exist unless specifically granted by statute, and depends entirely upon statute.

Also, the following statement is found in Am. Jur. 2d, *Administrative Law*, Section 558:

> Just as there is no right of appeal unless a statute so provides, it has been held in some cases that there is no inherent right

to judicial review of the action of an administrative agency, that the right of review is entirely statutory, and that there is no right of review when the statute does not provide therefor and review is not required by constitutional necessity.

We have here a statute that does not grant any right of judicial review to the respondent, because it does not fall within the class of persons that are permitted to appeal. In regard to such statutes it has been said that although the legislature specifically denies judicial review, decisions of an administrative body may be attacked in court if they violate some provisions of the state or federal constitutions, but all other decisions of such an administrative body which do not affect vested property rights or otherwise violate constitutional provisions are valid, and the mere fact that the legislature has denied judicial review does not invalidate them. Am. Jur. 2d, *Adm. Law*, Section 564.

In the case of *Taylor v. Smith*, 140 Va. 217 (1924), the council of the City of Roanoke passed an ordinance that forbade anyone to operate a bus unless and until he had first obtained a permit and a license to do so. To get such a permit a person had to appear before the Superintendent of Police and pass an examination as to his ability to operate an automobile and as to his knowledge of the traffic lanes. There was no right of appeal. The Supreme Court said "It is true that no appeal is expressly given from the decision of the Superintendent of Police, but the right of appeal to a higher tribunal is not a constitutional right."

It is also recalled that for many years there was a provision in the Alcoholic Beverage Control Act as follows:

The action of the Board in suspending or revoking any license pursuant to the provisions of this section shall not be subject to review by any court nor shall any mandamus or injunction lie in any such case.

I am unable to find any case under this provision, which leads me to the conclusion that no one ever got

a writ from the Supreme Court, indicating the conclusiveness of this statute.

I have been referred to the case of *Va. ABC Commission v. York Street Inn*, 220 Va. 310 (1979), which does deal with the jurisdiction of a circuit court to review an administrative decision. This case dealt with Section 9-6.14:15 of the A.P.A. which states that the articles on court review do not apply to any agency action which "is placed beyond the control of the courts by constitutional or statutory provisions expressly precluding court review." The Reviser's note states that this exclusion is a necessary recognition that the makers of constitutions and statutes may, if they wish, exclude courts from any participation in administrative justice in instances in which they elect to do so. In the *York Street Inn* case the Supreme Court held that there was no such exclusion in the basic law and held that judicial review was applicable.

Section 9-6.14:15 is clearly applicable to this case. This section excludes court review in a limited number of cases, the first of which is actions placed beyond judicial review by provisions expressly precluding court review. We have such a preclusion statute in this case and therefore this action is placed beyond court review expressly by the General Assembly.

The court finds no constitutional issues involved in this case and none are alleged in the Bill for Injunction.

Section 8.01-620 gives the petitioner no substantive rights and since any right to a court review is precluded by the basic substantive law, then the petitioner cannot be benefitted by the procedural provisions of Title 8.01.

I, therefore, find that the petitioner in this case has no standing to bring this suit since he is precluded by the statute from doing so.